523-1232. Mr. Hanson, you may proceed. Good morning. May it please the court, opposing counsel, I'm Craig Hanson from the Office of the State Appellate Defender, and I am here representing the appellant, Mr. Jermaine Johnson. As a point of order before I begin, I normally wear hearing aids, so if I inadvertently step on something that you are saying or interrupt you, I beg your forgiveness in advance. But I will do my best with my less bad ear today. And we'll try to speak loudly. Thank you, Your Honor. Mr. Johnson was convicted of armed habitual criminal and possession with intent to distribute a controlled substance following a jury trial on both counts. Mr. Johnson contends that trial counsel was ineffective for failing to move to sever these charges and pursue separate trials. Had counsel moved to sever the charges, the jury would not have learned about Mr. Johnson's prior convictions. Because the jury learned of these prior convictions, which would have been inadmissible in a separate trial on the drug charge, he suffered undue prejudice as to that charge. Had counsel moved to sever these charges, it most likely would have been granted. Our courts recognize two primary reasons for severing charges, one being they are not part of the same transaction, but the other being where evidence that would not be inadmissible in a trial on one charge could be introduced permissibly on another charge, that it is prejudicial to the defendant having to defend against both charges in the same trial. And that is the basis under which, had counsel moved to sever these charges, a severance would have been granted. Our courts have also been very clear about the prejudice that accrues to a defendant when information about their prior convictions, or merely just the fact that they have prior convictions, is introduced to a jury. Yes, we do have jury instructions that attempt to address those things. However, it's a monumentally Herculean task, especially in a case like this, for jurors to then separate, well, I know he has criminal convictions, and in this case it was very clear what those convictions were for, from the unrelated charge where those criminal convictions have no bearing. And our courts have expressed a concern about introducing this type of evidence. And there is a possibility here, not just a possibility, but an extreme likelihood that, had counsel moved to sever, that Mr. Johnson's prior criminal convictions would not have been admitted on a, in a trial on the separate drug charge. Accordingly, we argue that his, the counsel's strategy was not sound by going ahead and pursuing a combined trial on both charges and failing to ask to sever. That cannot be considered sound trial strategy. This court found in McMillan in 2004 that that is not sound trial strategy. Now, trial strategy, generally speaking, under Strickland, does deserve some degree of deference. We can all agree on that, I believe. However, when they are talking about that sort of strategy in Strickland, they're talking about sound trial strategy. And this is not sound trial strategy. And merely because it falls under the heading of trial strategy, and it's very hard to argue that in this case, because there is no evidence that this was part of a strategy, the, we must not accord counsel's actions the deference that is normally accorded sound trial strategy. As to prejudice, yes, Mr. Johnson insisted that the stipulation include his prior convictions with specific reference to residential burglary. It is arguable there that the counsel failed to prevent Mr. Johnson from suffering even further prejudice based on Mr. Johnson's actions that were not perhaps in his best interest. But the fact of the matter is that those came in. And the state, not only referencing the convictions for residential burglary, went out of its way during its opening and closing arguments to discuss his criminal past and portray Mr. Johnson as a career criminal who had now graduated to armed drug dealing. And they were sure to mention his prior convictions during those and portray him in this particular light, something that could have been mitigated had these charges been severed. You will recall that the lesser included charge of simple possession was offered to the jury as a lesser included offense. And the state's portrayal of Mr. Johnson as a career criminal who is now an armed drug dealer may have made the difference between the jury's decision to convict him of mere possession, or excuse me, possession with intent versus simple possession. And so he suffered a prejudice there. Given the totality of the state's effort to portray Mr. Johnson as a career criminal who had now graduated to armed drug dealing, the prejudicial effect was compounded. And that is a fact that's unique to this case. We know the state has relied heavily on this court's decision in People v. Lacey. And I think that case is distinguishable. And I'd like to talk a little bit for a moment why it is distinguishable. First, in Lacey, Lacey is an unpublished case. It does not carry the presidential value, so I believe we can start with that point. In Lacey, the jury did not hear the nature of defendant's prior convictions. In this case, it did. And that's a factor that must be considered when we look at the prejudicial effect. Because of that, Mr. Johnson suffered a much higher level of prejudice than the defendant in Lacey. In Lacey, this court found that trial strategy was evident throughout the record in that case, that counsel specifically chose to try all the charges together. In fact, the record reflects that counsel made statements to that effect. It was a definite, conscious choice versus what we argue is a complete oversight or lack of understanding in the Johnson case. So it's distinguishable from that perspective. Counsel knew that his client wanted to have, in Johnson, counsel knew that his client wanted to have his prior convictions for residential burglary named. Counsel clearly indicated that he did not think this was a good idea. But that's a fact in Johnson that was not present in Lacey, where Lacey and the underlying charge in Lacey, the charge that is of import here, is in Lacey there was a charge of unlawful possession of a weapon by a felon. So similar to the arbitral criminal, the state has a burden to prove and an obligation to prove the underlying felony. And that can be done by stipulation. What do you say about the invited error doctrine? The invited error doctrine here, and this is perhaps why we did not argue the invited error doctrine, is this was something that was done by the client. And if we put that under a client's decision to pursue a trial strategy, then the question becomes what is the role of counsel? Now, counsel has to balance the desires of the clients, but what to stipulate to and how to stipulate, that's not something that belongs entirely to the client. However, that is a factor here. We argue that it increased the degree of prejudice. But, yes, we recognize that Mr. Johnson's decision was not sound. And we knew that counsel knew it wasn't sound either. As a final note, for Lacey, we'd just like to point out that the state did go out of its way to use the information about Mr. Johnson's criminal past by portraying him as a career criminal. And that was not present in the Lacey case. So we believe Lacey is distinguishable. For those reasons, Mr. Johnson prays that this court respectfully will reverse his convictions and remand for separate trials in his case. Thank you. Thank you. Do you have a question? No, thank you. Thank you very much. You'll have an opportunity after Ms. Ray talks to us to rebut her arguments. Thank you, Your Honor. Ms. Ray. Good morning. Good morning. May it please the court and counsel, I'm Becky Ray, representing the people in this matter. First, I would like to apologize to the court and to counsel for inadvertently stating defendants' prior convictions were for armed robbery in some places in my answer brief. It's just an inadvertent mistake and an oversight on my part that I didn't catch that. Counsel is correct. They were for residential burglary. It doesn't change my argument here. So I would now like to address the issue, and that was whether a trial counsel was ineffective for not moving to sever the defendant's armed habitual criminal charge from the drug charge for purposes of this trial, and the short answer is he was not. Strickland v. Washington governs ineffective assistance of counsel claims, and the defendant must show both prompts, that counsel's performance was deficient and that he was prejudiced by that, and the defendant has not shown that here. Whether to seek a severance is generally regarded as trial strategy, and even if counsel is mistaken in that strategy or the judgment, that alone does not amount to an ineffective assistance of counsel claim. The all-or-nothing strategy, which I believe was clearly present here, was a reasonable strategy for counsel to employ. It gave the defendant an opportunity to be acquitted of both the charges in a single proceeding. It didn't give the state the opportunity to correct any evidentiary deficiencies, if there were any, from the first trial. And the fact that that strategy, which began as all-or-nothing and then later, clearly you could see a compromised verdict strategy there, just because that was unsuccessful doesn't mean that Mr. Lerner was ineffective. The defendant's reliance on Edwards doesn't really apply as much here as he would like to believe that it does. It did not involve an ineffective assistance of counsel claim like the present case. Edwards was about whether trial counsel, excuse me, whether the trial court erred in denying the defendant severance, and there was no allegation in this case at all that the trial counsel, or trial court, excuse me, trial court erred in denying the severance because there wasn't a motion made for that. On the other hand, Lacey, even though it is persuasive only and not precedential, has a lot of similarities to the case at bar. The defense counsel in Lacey, like the counsel in this case, did not seek a severance. But in each case, defense counsel sought to minimize the prejudice of those prior convictions by stipulating that the defendant had prior qualifying or predicate felonies without informing the jury of the nature of those convictions. And while the defendant here asserts that in Lacey, counsel clearly chose to employ an all-or-nothing strategy, this court noted that Lacey's defense counsel filed a motion in limine to prohibit the use of the conviction if the defendant testified, and again confirmed during jury selection that he wanted to proceed by stipulating to the defendant's prior conviction. That's very similar to what happened in this case. Lerner filed a motion in limine to exclude those prior convictions. He agreed to stipulate to just the fact of the defendant having prior qualifying convictions without stipulating to the nature of those. At no point did this court in Lacey say that, although trial counsel there said, I'm employing an all-or-nothing strategy. This court in its Rule 23 order determined that counsel had done that in Lacey by his actions of filing that motion in limine and by stipulating to those prior convictions. And the sentences that confirm that are, the defense counsel's decision to stipulate to the prior felony indicates that the decision to not seek a severance of the felony claims was a matter of trial strategy. It was counsel's decision, his actions, in filing the motion in limine, just like in this case. And also, quote, perhaps defense counsel considered that it made sense to try for an acquittal of all counts in one proceeding, end quote. That's a partial quote from paragraph 47 of Lacey. His actions, he doesn't have to say, I'm employing this strategy or I'm employing that strategy. It's evident from the actions that Lerner took in this case, just like counsel in Lacey took, that he was employing that strategy. The court in Lacey found defense counsel's strategy not to sever did not amount to deficient performance there. Again, counsel's actions in this case were similar. Lerner did not want the jury to hear that the defendant specifically had residential burglary convictions. That's on the defendant. And that is where the invited error comes in. The defendant was insistent, over counsel's advice, that the jury hear that the nature of his convictions were for residential burglary. Well, invited error indicates that you can't ask the court to proceed in one way and then later come back and claim that as error on appeal. The defendant was admonished of that by the trial court. The trial court said, Mr. Lerner is employing trial tactics here, so you're wanting to do something different. You can't later claim that it was an error because we allowed this to happen. And there was no allegation here, again, that the trial court abused its discretion or committed an error in allowing the defendant to do that. Counsel was there, and he said, I advise against this. There is not much else counsel can do to stop the defendant who is insistent on the jury hearing this. So it's not on counsel, it's on the defendant here. Is that issue before us, the issue of whether or not the names of the residential burglary were introduced? Or are we here only on the motion to sever? Well, we're here on the motion to sever, but also whether or not the nature of the convictions was presented to the jury goes to the prejudice in the prejudice prong of the ineffective assistance of counsel. And so my argument for that is that the jury could have just heard that he had prior qualifying felonies and left it at that. But the defendant is the one who insisted that they hear the nature of that. So the argument is that he invited any prejudice which was brought upon him by his own actions, by insisting upon the jury hearing the nature of those offenses. So my argument is he can't meet the prejudice prong because he invited the error which resulted in the prejudice to him. The reason I ask is this Court has found that the failure to stipulate to convictions can be ineffective assistance of counsel, as opposed to doing what you're saying he did, putting the names of the convictions out there. Correct. But there wasn't a failure to stipulate in this case. Defense counsel wanted to stipulate. So, again, that's no incompetence by trial counsel in this case because it was trial counsel's decision to stipulate to those. He was willing to agree to the written stipulation, wanted the court to read the written stipulation, which was proposed by the state rather than having the jury hear the exact nature of the offenses. So while it may be ineffective assistance of counsel, that was not brought on by counsel in this case. It was brought on by the defendant. Additionally, Gonzalez says that if the defendant would have been convicted of the charge that he indicates should have been severed from the current charge, then he was not prejudiced by the lack of severance. And that's the situation here. Clearly, there was enough evidence to show possession. Defendant admitted possession. It was caught on camera. But there was also an overwhelming amount of evidence that he was engaged in possession with intent to deliver that controlled substance. And because of that, because of the overwhelming nature of that evidence, he would have been convicted of the possession with intent to deliver in a separate trial, and therefore he was not prejudiced by Mr. Lerner's decision not to sever the charges in this case from the armed habitual criminal. And it's your position the decision not to sever was a strategy because he was looking at the lesser and put a defense as a potential option for the jury. Is that correct? Correct. The strategy initially was all or nothing. And then the defendant decided he would agree with counsel's advice to ask the jury to be instructed on the lesser included, which at that point became a compromise verdict strategy. And I think that was reasonable as well since defendant had already admitted he possessed the cocaine and it was seen on camera to admit the lesser offense of possession and argue against the other more serious charges, giving the defendant an opportunity for complete acquittal in one trial rather than trying to get that empty. I see that my time is almost up, and so I would ask that this court consider the arguments in the state's answer brief and the arguments presented here and find that the defendant has failed to prove his claim of ineffective assent of counsel and ask this court to affirm his convictions. Thank you. No questions. Thank you. Mr. Hanson. Your Honors, may it please the court, counsel. I'd like to address a few points in rebuttal. Again, I'd like to restate that unsound trial strategy does not enjoy the deference of sound or reasonable trial strategy. We often talk in shorthand about how trial strategy deserves deference, and I think that is an oversimplification. And so when I talk about trial strategy here and the fact that counsel strategy here is not entitled to that deference, I'm speaking about unsound trial strategy, which we argue this was. On that note, the state argues that counsel here pursued an all-or-nothing strategy. I think the record is absolutely devoid of anything that indicates counsel consciously pursued this strategy and made this a particular choice. During counsel's presentation and argument here, there was a discussion, I believe it was in response to your question, Justice Scholar, the matter of we're going to try all these charges at once and he's going to defend against the charge of drug possession with intent to deliver as well as simple possession. There's no indication, other than the fact that these charges were all tried together at the same time, that this was a conscious choice, unlike Lacey, where they found that counsel specifically took actions to pursue an all-or-nothing. Your Honor? I have a question for you. You seem to be indicating that there should be some indications before we give the deference to trial strategy. There should be indications that it's sound strategy before we give what the case law requires as some deference to it. Your Honor, here's my question in a larger sense. The attorney for the defendant is not required to announce what the trial strategy is. You're just having us view this case saying there wasn't an obvious indication of what the trial strategy was. Correct? Can you repeat that last part, Your Honor? The trial attorney is not required to announce a strategy. Correct. You're saying, though, there is no indication in the record of a trial strategy that would justify the later actions of the attorney, right? Specifically, what I'm saying, and what Mr. Johnson wishes this Court to hear, is that there was not an all-or-nothing strategy, which is the strategy that opposing counsel and the State, excuse my tongue, it's about up, wishes to pursue. And unlike Lacey, where this Court found specific indicators of an all-or-nothing strategy, this record is devoid of that. On one last note, the counsel in the opening brief makes a large statement about how we can't use hindsight to judge trial strategy, do some Monday morning quarterbacking, although that's kind of what we do here. However, we do know what counsel knew at the beginning of this trial, and that we know that counsel is presumed to know the law. Counsel's actions indicate that he knew the prejudice that would accrue to his client if the jury was informed of his prior convictions. So we know that. This isn't second-guessing. We know. So viewing this from what the trial counsel knew at the time, it's still unsound. As far as the evidence of intent to deliver being overwhelming, we disagree with that. Certainly there was considerable evidence, but in the absence of a transaction, the evidence is certainly not overwhelming, and the jury just as easily could have convicted him of a lesser-included offense. The charge, both of which, the possession with intent and the possession, simple possession, could have also been taken care of in a separate trial. So the argument that doing this all at once is somehow enhanced by doing it all at once is without merit. And for those reasons, Mr. Johnson prays that this court will remand his cases, reverse his convictions, and remand for separate trials on these charges.  Any further questions? No, thank you. All right. Thank you, Mr. Hanson. Thank you, Your Honor. This matter will be taken under advisement and will issue an order to due course. Have a great day. Thank you for your arguments here.